# United States District Court
# Northern District of Alabama
# Western Division



FILED
02 DEC -3 PM 3: 13
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| Gary W. Summerville, as the personal representative of the Estate of Flossie Summerville, deceased, | ] ] ] ] |
| Plaintiff(s), | ] ] ] |
| vs. | ] ] |
| Chrysler-Jeep of Tuscaloosa, L.L.C., et al., | ] ] ] |
| Defendant(s). | ] |

CV-02-N-2650-W

ENTERED
DEC 0 3 2002

## Memorandum of Opinion

**I.  Introduction.**

Presently before the court is the plaintiff's motion to remand, filed on November 12, 2002. [Doc. # 12.] The issues have been fully briefed by both parties and are now ripe for decision. Upon due consideration, the motion to remand will be granted and the action remanded to the Circuit Court of Greene County, Alabama, whence it was removed.

**II.  Facts.**

The plaintiff, Gary W. Summerville ("Mr. Summerville") is the son and personal representative of the estate of Flossie Summerville ("Ms. Summerville"). During her life, Ms. Summerville owned a 1989 Jeep Cherokee Laredo ("Jeep"), which she had serviced at Chrysler-Jeep of Tuscaloosa, L.L.C. ("CJT") on or about September 25, 2000. At that time, she complained that her Jeep suddenly and unexpectedly accelerated from time to time.

Ms. Summerville signed a contract whereby she agreed to submit any disputes arising out of or related to the repairs to binding arbitration.

Thereafter, on December 2, 2000, Ms. Summerville was operating her Jeep on County Road 20 in Greene County, Alabama, when she experienced a sudden burst of acceleration, was ejected from the vehicle, and sustained fatal injuries. Mr. Summerville, as the personal representative of Ms. Summerville's estate, filed the instant suit for wrongful death in the Circuit Court of Green County on September 25, 2002. Named as defendants in the lawsuit were a number of related entities which shall be referred to here as DaimlerChrysler Motors Corp. ("DCC"), and CJT. Mr. Summerville brought product liability claims against DCC and negligence and wantonness claims against CJT. The claims against CJT are based on the repair work performed by CJT in September 2000.

The defendants removed the case to this court on October 28, 2002, alleging that the court had subject matter jurisdiction under 28 U.S.C. 1332. [Doc. #1.] Although complete diversity does not exist on the face of the complaint, the defendants argue that CJT, the non-diverse defendant, was fraudulently joined in order to defeat diversity jurisdiction. The plaintiff denies that CJT was fraudulently joined; thus, complete diversity does not exist and the case was improperly removed. The court agrees with the plaintiff.

**III.    Discussion.**

A civil action may be removed to the appropriate federal court by the defendant if the case originally could have been brought in federal court. 28 U.S.C. § 1441(a). When a case is removed, the defendants bear the burden of establishing subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the defendant

bears the burden of proving subject-matter jurisdiction in removed actions). Furthermore, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. See *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). DCC and CJT removed the instant case on the basis of the court's diversity jurisdiction. Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between the citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; that is, every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

In this case, the plaintiff is a citizen of Alabama. See 28 U.S.C. § 1332(c)(2). Defendant DCC is deemed a citizen of Delaware and Michigan, and Defendant CJT is deemed a citizen of Alabama. See *id.* § 1332(c)(1). Thus, on the face of the complaint, complete diversity does not exist and, as a result, this case would not ordinarily be removable to federal court. "However, an action may nevertheless be removable if the joinder of the non-diverse party, [here, CJT], were fraudulent." *Triggs*, 154 F.3d at 1287. Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. A defendant alleging fraudulent joinder must prove that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). DCC and CJT argue that the first alternative applies in this case. Specifically, the defendants

assert that Mr. Summerville is unable to state a claim against CJT because Ms. Summerville agreed to submit all disputes arising out of the repair of the Jeep to binding arbitration.

In response, Mr. Summerville makes three arguments: (1) a resident defendant is not fraudulently joined when the plaintiff must submit his claims against it to binding arbitration; (2) it is not clear that the decedent agreed to arbitrate her claims with CJT; and (3) the personal representative of the estate in a wrongful death suit is not bound by an arbitration agreement signed by the decedent. Because it finds that the third argument disposes of the motion to remand, the court need not and will not address Mr. Summerville's first and second arguments.

"When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'" *Crowe*, 113 F.3d at 1538 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983)). Any ambiguity or doubt about the substantive state law favors remand to state court. *Id.* at 1539. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need have only a possibility of stating a valid cause of action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. *See also Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

The court assumes, without deciding, that Ms. Summerville entered into an agreement to arbitrate her claims with CJT and that the arbitration agreement between Ms. Summerville and CJT makes its joinder fraudulent.[1] However, the court is not convinced that an Alabama court would find that Mr. Summerville's claims brought under Alabama's wrongful death statute are subject to binding arbitration. Because it has doubts about whether the state court would find the arbitration provision applies to this plaintiff in this case, the court must remand the case to state court. See *Crowe*, 113 F.3d at 1539.

Alabama's wrongful death statute provides:

> A personal representative may commence an action and recover such damages as the jury may assess . . . for the wrongful act, omission, or negligence of any person . . . whereby the death of his testator or intestate was caused, provided the testator or intestate could have commenced an action for such wrongful act, omission, or negligence if it had not caused death.

Ala. Code § 6-5-410(a) (1993). The statute goes on to state that "[t]he damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions." *Id.* § 6-5-410(c). See *Sprouse v. Hawk*, 574 So. 2d 754 (Ala. 1990). Thus, a suit under the wrongful death statute is brought by the personal representative, not on behalf of the decedent's estate, but "as agent by legislative appointment for the effectuation of a legislative policy of the prevention of

---

[1] The court expresses no opinion on the interesting and unresolved issue of whether the existence of an arbitration agreement between the plaintiff and a resident defendant renders that defendant fraudulently joined. Two courts have held that it does not. See *Frank v. American General Finance, Inc.*, 23 F. Supp. 2d 1346 (S.D. Ala. 1998); *Briarpatch Limited, L.P. v. Pate*, 81 F. Supp. 2d 509 (S.D.N.Y. 2000). Because another of Mr. Summerville's arguments disposes of the instant motion, the court deems it unwise to dive into these little charted waters.

homicides," and any damages awarded pursuant to the statute are not part of the decedent's estate. *Steele v. Steele*, 623 So. 2d 1140, 1141 (Ala. 1993).

The defendants argue that the phrase "provided the testator or intestate could have commenced an action for such wrongful act, omission, or negligence if it had not caused death" indicates that if the decedent could not have brought suit because of an applicable arbitration provision, neither can the personal representative. Ala. Code § 6-5-410(a). However, in its early construction of the statute, the Alabama Supreme Court stated that the right of action for wrongful death "is a new right, not derivative nor the right of succession to the person slain." *Breed v. Atlanta B. & C. R. Co.*, 4 So. 2d 315, 317 (Ala. 1941). Furthermore, the court stated that the phrase in question, which at that time read "if the former could have maintained an action against the latter for the same act or omission, had it failed to produce death," "has no reference to the nature of the loss or injury sustained, or the person entitled to recover, but to the circumstances attending the injury, and the nature of the wrongful act or omission which is made the basis of the action." *Breed*, 4 So. 2d at 317. *See also id.* at 318 ("[The phrase in question] mean[s] that the wrong in the first instance shall give rise to a cause of action.").

Notably, by its terms, the statute requires only that the decedent would have been able to *commence* an action. If Ms. Summerville had been dissatisfied with the repairs to her Jeep, nothing would have prevented her from *commencing* an action against CJT. While such a case would have likely been stayed upon CJT's motion to compel arbitration, Ms. Summerville would still have had the ability to *commence* an action for the wrongful act Mr. Summerville complains of. Because the language of the wrongful death statute does not

compel a conclusion that the decedent must have been able to successfully prosecute to its conclusion an action for the wrongful act complained of, and because a wrongful death claim is *not* a derivative claim, the court has doubts as to whether an Alabama court would apply an arbitration agreement entered into by the decedent to the wrongful death claims of the personal representative. These doubts about whether the state substantive law allows the claim favor remand. *Crowe*, 113 F.3d at 1539.

Furthermore, the law in Alabama with respect to when a plaintiff who is a non-signatory to an arbitration agreement will be compelled to arbitrate his claims supports the court's conclusion that Mr. Summerville's claims against CJT may not be subject to arbitration. The Alabama Supreme Court has held that "[a]rbitration is strictly a matter of contract; if the parties have not agreed to arbitrate, the courts have no authority to mandate that they do so." *Ex parte Tony's Towing, Inc.*, 825 So. 2d 96, 99 (Ala. 2002). "At no point did [Mr. Summerville as personal representative of the estate of Ms. Summerville] indicate a willingness to arbitrate with [CJT]." *Tony's Towing*, 825 So. 2d at 99. Therefore, CJT is "not in a position to insist that [Mr. Summerville] submit to arbitration." *Id.*

The Alabama Supreme Court has not yet been called on to determine whether a personal representative pursuing a wrongful death claim is bound by an arbitration agreement entered into by the decedent. However, in *SouthTrust Bank v. Ford*, No. 1010124, 2002 Ala. Lexis 154 (May 17, 2002), the court held that while a claim asserted "on behalf of the estate" would be subject to an arbitration agreement entered into by the decedent, any claim asserted by the personal representative in his individual capacity would not be subject to arbitration, as the personal representative was not a signatory to the

arbitration agreement. *Ford*, 2002 Ala. Lexis at *7, *13. The court is of the opinion that a wrongful death claim, as it is not brought on behalf of the estate of the decedent, is more akin to a claim brought by the personal representative in his individual capacity than one brought on behalf of the estate. *See Buckner v. Tamarin*, 119 Cal. Rptr. 2d 489 (Cal. Ct. App. 2002) (holding the decedent had no authority to bind his heirs to arbitration; their wrongful death claims would not be subject to arbitration); *Gomez v. Zardenetta*, No. 04-97-00119-CV, 1998 Tex. App. Lexis 553 (Tex. App. Jan. 21, 1998) (holding that because a wrongful death claim is not derivative of the decedent's rights, the personal representative's wrongful death claims would not be subject to arbitration where the decedent agreed to arbitrate his claims against the defendant). There is at least some doubt as to whether an Alabama court would require Mr. Summerville to arbitrate his claims pursuant to the arbitration agreement Ms. Summerville signed. Therefore, remand is proper. *See Crowe*, 113 F.3d at 1539.

Because it finds that the state court might not subject Mr. Summerville's claims against CJT to binding arbitration, the court concludes that Mr. Summerville "states . . . a colorable claim against [CJT, making] joinder . . . proper." *Pacheco de Perez*, 139 F.3d at 1380.[2] Thus, CJT was not fraudulently joined, there is not complete diversity, and this case is due to be remanded to the Circuit Court of Greene County, Alabama, whence it was improvidently removed.

---

[2] The court does not wish to be misunderstood in its holding here. It does not hold that the plaintiff cannot be compelled to arbitrate his wrongful death claims against CJT. The court only acknowledges the possibility that the courts of the State of Alabama might so hold. Under extant decisional jurisprudence, that acknowledgment is sufficient to compel remand.

## IV.   Conclusion.

The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 3rd of December, 2002.

*[signature]*

Edwin Nelson
United States District Judge